UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CHARLES TOTH, JR.,<br><br>Petitioner,<br><br>v.<br><br>BRENDA M. CASH, Warden,<br><br>Respondent. | NO. EDCV 11-1115-PA (AGR)<br><br>ORDER TO SHOW CAUSE |

On July 15, 2011, Petitioner filed a Petition for Writ of Habeas Corpus. For the reasons discussed below, it appears that Petitioner has failed to exhaust state remedies.

The Court, therefore, orders Petitioner to show cause, on or before ***September 16, 2011***, why this Court should not recommend dismissal without prejudice based on failure to exhaust state remedies.

///
///
///
///

## I.

## **PROCEDURAL BACKGROUND**

Petitioner is incarcerated a California State Prison, Los Angeles County ("CSP-LAC"). On June 30, 2010, Petitioner was given a Rules Violation Report ("RVR") for batter on a peace officer based on a June 23, 2010 incident. (Petition, Ex 1.) On August 30, 2010, a hearing was held, and Petitioner was found guilty. (*Id.*) Petitioner was assessed 150 days forfeiture of credit. (*Id.*) A copy of the final RVR was given to Petitioner on October 5, 2010. (*Id.*) Petitioner completed the third level of administrative review on April 5, 2011, when the appeal at the Director's level was denied. (Petition at 3-38[1] & Ex. 7.) Petitioner claims his due process rights were violated. (*Id.* at 3.)

Petitioner used a California habeas form in this court and signed it on April 28, 2011. (Petition at 6.) The caption indicates the court is the Superior Court of the State of California for Los Angeles County. (*Id.* at 1.)

According to the California Appellate Courts online docket (using the name Robert Toth), Petitioner has filed nothing in the California Supreme Court. On July 18, 2011, the Court issued a minute order advising Petitioner that based on the California Appellate Courts online docket and the petition itself, Petitioner has not exhausted his state remedies before coming here. (Dkt. No. 4.) The Court noted that Petitioner may have unintentionally sent the petition here rather than to the Superior Court. The Court ordered Petitioner to file a Notice by August 5, 2011, indicating whether he wished to voluntarily dismiss the petition without prejudice so he could file in state court. The Court advised Petitioner that if he failed to timely file a Notice, the Court would assume he intended to file the petition in this court. Petitioner did not file a Notice.

The AEDPA provides that a petition for writ of habeas corpus brought by a

---

[1] The Court paginated the pages following page three of the form.

person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (b)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Exhaustion requires that Petitioner present his contentions to the state's highest court, in this case the California Supreme Court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). Petitioner bears the burden of demonstrating that he described to the California Supreme Court both the operative facts and the federal legal theory on which his claims are based. *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995).

As outlined above, the petition appears to be completely unexhausted and is therefore subject to dismissal without prejudice. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

## II.

## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **September 16, 2011**, Petitioner shall show cause, if there be any, why this Court should not recommend dismissal without prejudice based on failure to exhaust state remedies.

**Petitioner is also advised that if he fails to timely respond to this Order to Show Cause, the Magistrate Judge will recommend that the District Court dismiss the petition without prejudice based on failure to exhaust state remedies.**

DATED: August 25, 2011

ALICIA G. ROSENBERG
United States Magistrate Judge