UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CHARLES TOTH, JR.,<br><br>Petitioner,<br><br>v.<br><br>BRENDA M. CASH, Warden,<br><br>Respondent. | NO. EDCV 11-1115-PA (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

**I.**

## **BACKGROUND**

Petitioner is incarcerated a California State Prison, Los Angeles County. On June 30, 2010, Petitioner was given a Rules Violation Report ("RVR") for battery on a peace officer based on a June 23, 2010 incident. (Petition, Ex 1.) On August 30, 2010, a hearing was held, and Petitioner was found guilty. (*Id.*) Petitioner was assessed 150 days forfeiture of credit. (*Id.*) A copy of the final RVR was given to Petitioner on October 5, 2010. (*Id.*) Petitioner completed the third level of administrative review on April 5, 2011, when the appeal at the

Director's level was denied. (Petition at 3-38[1] & Ex. 7.) Petitioner claims his due process rights were violated. (*Id.* at 3.)

Petitioner used a California habeas form in this court and signed it on April 28, 2011. (Petition at 6.) The caption indicates the court is the Superior Court of the State of California for Los Angeles County. (*Id.* at 1.)

According to the California Appellate Courts online docket (using the name Robert Toth), Petitioner has filed nothing in the California Supreme Court. On July 18, 2011, Magistrate Judge Rosenberg issued a minute order advising Petitioner that based on the California Appellate Courts online docket and the petition itself, Petitioner had not exhausted his state remedies before coming here. (Dkt. No. 4.) Judge Rosenberg noted that Petitioner may have unintentionally sent the petition here rather than to the Superior Court. She ordered Petitioner to file a Notice by August 5, 2011, indicating whether he wished to voluntarily dismiss the petition without prejudice so he could file in state court. Judge Rosenberg advised Petitioner that if he failed to timely file a Notice, she would assume he intended to file the petition in this court. Petitioner did not file a Notice.

On August 25, 2011, Judge Rosenberg issued an Order to Show Cause ("OSC") why the petition should not be dismissed without prejudice for failure to exhaust state remedies with a deadline of September 16, 2011, to respond to the OSC. (Dkt. No. 5.) Judge Rosenberg warned Petitioner that if he failed to timely respond to the OSC, the petition would be subject to dismissal without prejudice for failure to exhaust state remedies. Petitioner did not file a response to the OSC.

///
///

---

[1] The Court paginated the pages following page three of the form.

## II.

## **DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 provides that a petition for writ of habeas corpus brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (b)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Exhaustion requires that a petitioner present his contentions to the state's highest court, in this case the California Supreme Court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). The petitioner bears the burden of demonstrating he described to the California Supreme Court both the operative facts and the federal legal theory on which his claims are based. *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995).

As outlined above, the petition is completely unexhausted and is therefore subject to dismissal without prejudice. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

## III.

## **ORDER**

IT IS ORDERED that Judgment be entered denying the petition and dismissing this action without prejudice.

DATED: October 12, 2011

_____
PERCY ANDERSON
United States District Judge

Presented By:

_____
ALICIA G. ROSENBERG
United States Magistrate Judge